IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Northern Division*

| | |
|---|---|
| HAWTHORNE INDUSTRIAL PRODUCTS INC. FOR ITS OWN ACCOUNT AS CONSIGNEE OF CERTAIN CARGO, AND AS AUTHORIZED AGENT FOR GENESIS PRODUCTS INC., GREAT LAKES LAMINATION, GREAT LAKES FOREST PRODUCTS, AND FUSION WOOD PRODUCTS, <br><br> Plaintiffs, <br><br> v. <br><br> M/V TAC IMOLA, IMO No. 9932103 her engines, boilers, tackle, etc., *in rem*, <br> RATU SHIPPING CO. SA, <br> NISSHIN SHIPPING CO LTD, and <br> FLEET MANAGEMENT LTD-HKG, <br> *in personam*, <br><br> Defendants. | 22-cv-1376-RDB |

**ANSWER**

Ratu Shipping, Co. SA ("Ratu") on its own behalf and as the Claimant to the *in rem* Defendant M/V TAC IMOLA IMO No. 9932103 (her engines, boilers, tackle, apparel, appurtenances, etc., *in rem*) (the "Vessel"), Nisshin Shipping Co LTD. ("Nisshin"), and Fleet Management Ltd-HKG ("Fleet" and, collectively with Ratu and Nisshin, "Defendants") appearing herein without waiver of jurisdictional defenses and specifically reserving all rights as to the pending motion before this Court to stay[1] in favor of Hong Kong arbitration, by their attorneys

---

[1] Filed with the Court on June 17, 2022 (Dkt. 22).

Baker Donelson and for their Answer to the Verified Complaint (the "Complaint") allege upon information and belief as follows:

1. Admit that this is an Admiralty and Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and that it is within the admiralty and maritime subject matter jurisdiction of the United States and this Honorable Court under 28 U.S.C. § 1333.

2. Deny the allegations contained in paragraph 2 of the Complaint.

3. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 of the Complaint.

4. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 of the Complaint.

5. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Complaint.

6. Admit that the Vessel is registered in Panama and presently located within this District, but deny the remaining allegations in paragraph 6 of the Complaint.

7. Admit the Vessel is owned by Ratu, located at World Trade Centre, 53rd Street, Marbella, 5th Floor, Suite 502, Panama and managed by Fleet, located at South Island Place, 8, Wong Chunk Hang Road, Southern Hong Kong, China, but otherwise deny the remainder of the allegations in paragraph 7 of the Complaint.

8. Admit the Vessel was chartered to non-party Transatlantica Commodities Pte Ltd. ("Transatlantica"), but deny knowledge or information sufficient to form a belief as to the remainder of the allegations in paragraph 8 of the Complaint.

9. Admit that on or about November 24-25, 2021, the Vessel loaded cargo in Qingdao, China, which included plywood and MDF panels, among other items, for carriage to Baltimore, Maryland, but deny the remaining allegations in paragraph 9 of the Complaint.

10. Deny the allegations in paragraph 10 of the Complaint, and specifically deny that Defendants authorized any Bills of Lading to be signed by Zhenhua International Shipping Agency (QINGDAO) Co., LTD as agent for and on behalf of the Master of the Vessel.

11. Admit that the Bills of Lading contain a stamp which includes the language quoted in paragraph 11 of the Complaint, but specifically deny that any "Carrier" was identified in the Bills of Lading "TITLE" or elsewhere in the Bills of Lading and deny that Defendants authorized any Bills of Lading to be signed by Zhenhua International Shipping Agency (QINGDAO) Co., LTD as agent for and on behalf of the Master of the Vessel.

12. Deny the allegations contained in paragraph 12 of the Complaint and aver that the Bills of Lading expressly state that "quality [and] condition" of the goods was "unknown".

13. Deny the allegations contained in paragraph 13 of the Complaint.

14. Deny the allegations contained in paragraph 14 of the Complaint.

15. Admit that fires occurred in the Vessel's holds 2 and 4 prior to its arrival in the U.S., but except as so specifically admitted, deny each and every remaining allegation in paragraph 15 of the Complaint.

16. Admit the crew fought the fires but deny the remainder of the allegations contained in paragraph 16 of the Complaint.

17. Admit that the Vessel sought ports of refuge and successfully gained admittance to and called at port of refuge Kusan, South Korea, after the fires occurred, but deny the remaining allegations contained in paragraph 17 of the Complaint.

18. Deny the allegations contained in paragraph 18 of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the Complaint.

21. Deny the allegations contained in paragraph 21 of the Complaint.

22. Deny the allegations contained in paragraph 22 of the Complaint.

23. Deny the allegations contained in paragraph 23 of the Complaint.

24. Deny the allegations contained in paragraph 24 of the Complaint.

**ANSWER TO PLAINTIFFS' FIRST CAUSE OF ACTION**

25. Defendants repeat and reallege each and every response set forth in paragraph 1-24 above with the same force and effect as if fully set forth herein.

26. Deny that Plaintiffs have filed Exhibit A with this Court, but admit that Plaintiff Hawthorne is named as a consignee on the described bills of lading for some cargo carried aboard the Vessel.

27. Deny the allegations contained in paragraph 27 of the Complaint.

28. Deny the allegations contained in paragraph 28 of the Complaint and specifically deny that Defendants have any legal obligation to make such payment.

29. Deny the allegations contained in paragraph 29 of the Complaint.

30. Deny the allegations contained in paragraph 30 of the Complaint.

31. Deny the allegations contained in paragraph 31 of the Complaint, and specifically deny that Defendants have any legal obligation to share such documents under either U.S. law or the foreign law and applicable arbitral rules that properly govern any claim held by Plaintiffs.

32. Deny the allegations contained in paragraph 32 of the Complaint, except deny knowledge or information as to the terms of Plaintiffs' cargo insurance policy.

## ANSWER TO PLAINTIFFS' SECOND CAUSE OF ACTION

33. Defendants repeat and reallege each and every response set forth in paragraph 1-32 above with the same force and effect as if fully set forth herein.

34. Deny that Plaintiffs have filed Exhibit B with this Court, and deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 34 of the Complaint.

35. Deny the allegations contained in paragraph 35 of the Complaint.

36. Deny the allegations contained in paragraph 36 of the Complaint, and specifically deny that Defendants have any obligation to share such documents under either U.S. law or the foreign law and applicable arbitral rules that properly govern any claim held by Plaintiffs.

37. Deny the allegations contained in paragraph 37 of the Complaint.

38. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 38 of the Complaint.

39. Deny the allegations contained in paragraph 39 of the Complaint.

40. Deny the allegations contained in paragraph 40 of the Complaint.

41. Deny the allegations contained in conclusory paragraphs A-G of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. Plaintiffs' claims are subject to arbitration in Hong Kong subject to English law.

### Second Affirmative Defense

2. The Court lacks both general and specific personal jurisdiction over the *in personam* Defendants.

### Third Affirmative Defense

3. Insufficiency of process and insufficiency of service of process as to the *in personam* Defendants.

### Fourth Affirmative Defense

4. Venue is improper and/or inconvenient in this District, and this action should be dismissed on grounds of *forum non conveniens*.

### Fifth Affirmative Defense

5. The Verified Complaint fails to state a cause of action against the Vessel *in rem* and the *in personam* Defendants upon which relief can be granted.

### Sixth Affirmative Defense

6. Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, Defendants gives notice of and reserves its right to rely on foreign law to the extent it may be applicable.

### Seventh Affirmative Defense

7. Plaintiffs are not the real parties in interest or proper parties to assert the claims set forth in the Complaint.

### Eighth Affirmative Defense

8. Without waiver of the Fifth Affirmative Defense above, to the extent the shipments described in the Complaint were received, loaded, carried, discharged and/or delivered subject to the terms, conditions, exceptions and limitations of certain bills of lading and contracts to which Plaintiffs are bound, and, to the extent the Vessel and/or Defendants are judicially determined to be bound by such terms, conditions, exceptions and limitations, the Vessel and/or Defendants are not

liable by virtue of the said terms, conditions, exceptions and limitations and the Vessel and/or Defendants are entitled to any and all defenses and rights provided for therein.

### Ninth Affirmative Defense

9.      Without waiver of the Fifth Affirmative Defense above, to the extent the shipments described in the Complaint were received, loaded, carried, discharged, and/or delivered subject to the terms, conditions, limitations, exceptions and exonerations of the United States Carriage of Goods by Sea Act ("COGSA"), Act, ch. 229, 49 Stat. 1207 (1936), formerly 46 U.S.C. §1300 *et seq.*, or other U.S. (federal or state) or foreign legislation pertinent to limitation of liability or this carriage and/or the General Maritime Law and/or foreign law, any loss, damage or shortage resulting to the goods, which is denied, was due to a cause or causes for which the Vessel and/or Defendants are not liable by virtue of the terms of the aforementioned law and/or legislation.

### Tenth Affirmative Defense

10.     Any loss or damage to the goods as alleged in the Complaint was caused by or contributed to by Plaintiffs and/or other third-parties, and not by the Vessel or Defendants.

### Eleventh Affirmative Defense

11.     The liability of the Vessel and/or Defendants, if any, and which is specifically denied, is alternatively limited by the applicable U.S. (federal or state) or foreign law to an amount calculated on a per package, customary freight unit or other limitation of liability basis.

### Twelfth Affirmative Defense

12.     Any loss or damage to the cargoes as alleged in the Complaint arose without the Vessel's and/or Defendants' actual fault or privity and without fault or negligence of their agents or servants or anyone for whom they are responsible, and therefore, the Vessel and Defendants cannot have any liability for such loss or damage.

### Thirteenth Affirmative Defense

13. Plaintiffs have failed to mitigate their damages.

### Fourteenth Affirmative Defenses

14. Plaintiffs' claims are barred by the applicable statute of limitations and/or the doctrine of laches.

### Fifteenth Affirmative Defense

15. Loss or damage to the cargo as alleged, which is denied, was caused in whole or in part by Plaintiffs or its agent(s), contractor(s) and/or partner(s) breach of its obligations and duties under law and any applicable contract.

### Sixteenth Affirmative Defense

16. Plaintiffs' claims are barred, as the conduct of Plaintiffs, their agent(s), contractor(s) and/or partner(s) and/or conduct of other parties, constitutes a superseding and/or intervening cause(s) with respect to Plaintiffs' claims for damage or injury.

### Seventeenth Affirmative Defense

17. Without waiver of any other Affirmative Defense, to the extent applicable, Defendants claim the benefit to all rights and defenses under the limitation statutes of the United States and any other relevant forum, including, but not limited to, the Limitation of Liability Act, 46 U.S.C. app. § 183 et seq. (46 U.S.C.S. § 30501 *et seq*.).

### Eighteenth Affirmative Defense

18. Defendants reserve the right to amend this Answer, if and once additional information is obtained through discovery.

**WHEREFORE,** Defendants pray:

(a) That the Complaint be dismissed together with costs and expenses incurred in defense of this action;

(b) That the Complaint be stayed in favor of arbitration;

(b) That the Court adjudge that Defendants have no liability for any of the matters alleged in the Complaint;

(c) That Defendants be awarded all costs including attorney's fees;

(d) That Defendants be awarded such other, further and different relief as may be deemed just, proper and equitable in the premises.

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

\_\_\_/s/_____

Jack R. Daley, Bar No. 29187
Geoffrey S. Tobias, Bar No. 00301
Constantine Themelis, Bar No. 27303
100 Light Street
Baltimore, MD 21202
Tel: (410) 685-1120
Fax: (410) 547-0699
E-mail: jdaley@bakerdonelson.com
E-mail: gtobias@bakerdonelson.com
E-mail: gthemelis@bakerdonelson.com

Of Counsel:
Don P. Murnane, Jr. (murnane@freehill.com)
J. Tanner Honea (honea@freehill.com)
Michael J. Dehart (dehart@freehill.com)
Freehill Hogan & Mahar, LLP
80 Pine Street, 25th Floor
New York, NY 10005

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of June 2022 the foregoing was served on all counsel of record via ECF.

*/s/ Jack R. Daley*
Jack R. Daley