## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### *Northern Division*

| | | |
|---|---|---|
| HAWTHORNE INDUSTRIAL PRODUCTS INC. for its own account as consignee of certain cargo and as agent for GENESIS PRODUCTS INC., GREAT LAKES LAMINATION, GREAT LAKES FOREST PRODUCTS, and FUSION WOOD PRODUCTS, | § § § § § § § § | CIVIL NO. 1:22-cv-01376-RDB |
| Plaintiffs | § § § | |
| v. | § § | |
| M/V TAC IMOLA, IMO No. 9932103 her engines, boilers, tackle, etc., *in rem*, RATU SHIPPING CO. SA, NISSHIN SHIPPING CO LTD, FLEET MANAGEMENT LTD-HKG, TRANSATLANTICA COMMODITIES PTE. LTD., and HANWIN SHIPPING LIMITED, *in personam*, | § § § § § § § § § § § | |
| Defendants | § § | |

**CARGO INTERESTS MEMORANDUM IN SUPPORT OF THEIR MOTION FOR
(1) LIMITED DISCOVERY ON PERSONAL JURISDICTION AND
(2) AN EXTENSION OF TIME TO FILE THEIR OPPOSITION**

Plaintiffs Hawthorne Industrial Products Inc. ("Hawthorne"), for its own account as consignee of certain cargo and as authorized agent for Genesis Products Inc. ("Genesis"), Great Lakes Lamination ("GLL"), Great Lakes Forest Products ("GLFP"), and Fusion Wood Products ("Fusion" and, all together, the "Cargo Interests"), by and through their undersigned attorneys, respectfully submit this memorandum in support of their motion for limited discovery and an extension of time concerning the *Vessel Defendants' Motion to Dismiss based on Lack of Personal Jurisdiction* [ECF No. 51], and in support thereof state as follows:

## ARGUMENT

This Court should order limited discovery concerning whether defendants Ratu Shipping Co. S.A. ("Ratu"), Nisshin Shipping Co. Ltd. ("Nisshin"), and Fleet Management Ltd-HKG ("Fleet Management" and, together with Ratu and Nisshin, the "Vessel Defendants") are subject to its personal jurisdiction because most of the evidence concerning jurisdictional facts reside exclusively with them.  For example, in support of their motion to dismiss, the Vessel Defendants offered declarations from representatives of each of Ratu, Nisshin, and Fleet Management – but the declarations and declarants have not yet been subjected to any scrutiny or examination. As will be demonstrated below, the declarations selectively omit details concerning key facts like the Vessel Defendants' actions in Maryland, specifically, and their connections with the United States, generally.  Accordingly, the limited discovery being requested seeks to fill in those gaps.

Requests for jurisdictional discovery are addressed to the court's discretion. *Mylan Laboratories v. Akzo N.V.*, 2 F.3d 56 (4th Cir. 1993); *see also Hartford Mut. Ins. Co. v. Hoverzon, LLC*, Case No. 20 Civ. 2713, 2021 WL 461760, at *4 (D. Md. Feb. 9, 2021) (ordering limited jurisdictional discovery); *Ultimate Outdoor Movies, LLC v. FunFlicks, LLC,* Case No. 18 Civ. 2315, 2019 WL 398675, at *5 (D. Md. Jan. 31, 2019) (because the court was unable to determine if exercising personal jurisdiction was appropriate on the record before it, ordering some limited jurisdictional discovery focused on certain questions).  The granting of such discovery requires only that the proponent make a "concrete proffer" of what the requested discovery is likely to produce.  *Microfocus (US) v. American Express*, Case No. 14 Civ. 2417,

2015 WL 3441991 (D. Md. signed May 27, 2015) (allowing limited discovery on the issue of jurisdiction).[1]

Here, the Cargo Interests have alleged specific personal jurisdiction on the basis of Maryland's Long Arm statute, Md. Code Ann, Cts. & Jud. Proc. §6-103(b), which provides in pertinent part that a court sitting in Maryland may exercise personal jurisdiction over a defendant if the defendant:

> (1) Transacts any business or performs and character of work or service in the state.
>
> (2) Contracts to supply goods…. services in the State;
>
> (3) Causes tortious injury in the state by an act or omission in the State;
>
> (4) Causes tortious injury in the state… by an act or omission outside the state if he regularly ….engages in any other persistent course of conduct in the state….

Notably, the Cargo Interests' causes of action concern the Vessel Defendants' failure to deliver the cargo within Maryland as required by the bills of lading.  This is a breach of the Vessel Defendants' non-delegable duties under the Carriage of Goods by Sea Act, 46 U.S.C. § 30703 (hereinafter, "COGSA"), and their duties under long-standing general maritime law.  *Liverpool & Great Western Steam Co. v. Phenix Ins. Co.* 129 U. S. 397 (1889) (common carriers are liable

---

[1] Because the Vessel Defendants in footnote 5 at p.13 of the Memorandum in Support of the Motion to Dismiss dispute service, we submit the affidavit of service on file with the court [ECF No. 43] and a supplemental affidavit from the process server clarifying what Defendants have referred to as "discrepancies" [ECF No. 69]. Clearly, the Vessel's master was properly served on behalf of all three defendants. Service on the master as a "managing agent" within the meaning of Federal Rule of Civil Procedure 4 is proper. *Neset v. Christensen*, 92. F. Supp. 78 (E.D.N.Y. 1950). Indeed, Courts have long recognized the broad, discretionary authority of the ship's master. *The Styria,* 186 U.S. 1 (1902); *The Kate*, 164 US 458 (1896); *Butler v. Boston & Savannah SS Co.*, 130 U.S. 527 (1889)*.*  The master is recognized as having "transcendent powers over his ship." *June T. Inc, v. King*, 290 F. 2d 404, n. 1 (5th Cir. 1961).

as insurers). The evidence being solicited now will show that the Vessel was within the United States beginning in February but, despite the Cargo Interests' repeated demands, it did not discharge the cargo at Maryland until July, when the Cargo Interests sought this Court's emergency intervention. *See*, Order, *Transatlantica Commodities Pte Ltd v. Hanwin Shipping Limited*, Case No. 22 Civ. 1275, Docket No. 26 (D. Md. entered July 7, 2022).

The Cargo Interests have also alleged personal jurisdiction on the basis of Federal Rule of Civil Procedure 4(k)(2) (also known as the "Federal Long Arm statute") which provides:

> (2) Federal Claim Outside State-Court Jurisdiction. For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:
>
> (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and
>
> (B) exercising jurisdiction is consistent with the United States Constitution and laws.

Notably, the declarations state that each of the respective Vessel Defendants have no offices, places of business, employees, or agents for service of process within the United States. These statements seem to concede the first prong of the Federal Long Arm statute (*i.e.*, that none of the three vessel defendants are "subject to jurisdiction in any state's courts of general jurisdiction"). The declarations also state that each of the respective Vessel Defendants do not advertise or solicit business within the United States, but these self-serving and untested statements are not dispositive relating to the constitutional exercise of jurisdiction.

Therefore, the Cargo Interest respectfully ask this Court to order limited discovery concerning the following:

## **REQUESTS AND PROFFERS**

The enumerated discovery requested below is designed to fill the very substantial gaps in the Vessel Defendants' declarations as they relate to Maryland's Long Arm statute and the Federal Long Arm statute. The required "concrete proffer" follows each request.

(1) Ratu's contracts with Fleet and Nisshin relating to the M/V TAC IMOLA.

These contracts are required to show the full scope of the services being provided by and between the Vessel Defendants including service provided in Maryland, specifically, and the United States, generally.

(2) Master's and officers' employment contracts.

These agreements will show which of the Vessel Defendants employed the Vessel's officers, and hence furnish further evidence of each particular Vessel Defendant's activities within Maryland and the United States in terms of sending employees into the forum.

(3) Master's copies of the bills of ladings and voyage orders.

Ordinarily, the Master (*i.e.*, Captain) retains copies of the bills of lading after the cargo is loaded onboard. Likewise, the Master receives voyage orders prior to and during the Vessel's voyage. These will test the statement in the Vessel Defendants' declarations that they had no knowledge that the Vessel was to discharge the Cargo Interests' goods in Maryland as well as the Vessel Interests' involvement in ordering the Vessel to deviate to other ports within the United States.

(4) Correspondence concerning the bills of lading.

Each of the Vessel Defendants has denied authorizing the bills of lading, but the bills of lading, which call for delivery of the cargo within Maryland and are addressed to a consignee within the United States are nonetheless a receipt for cargo having been loaded onboard the Vessel. This information goes to subsection (b)(4) of Maryland's Long Arm stature and the Federal Long Arm statute.

(5) <u>Surveys carried out during loading for all cargo including that of the Cargo Interests, and all protests from the master regarding loading.</u>

Under both the head and subcharters, cargo was to be loaded and discharged under "the supervision and responsibility of the Captain." Here, the subcharterers have admitted that the cargo was discharged damaged within Maryland as a consequence of poor stowage when loaded. These facts go to establishing jurisdiction for (1) "tortious injury in the State" because the losses required for a tort occurred in Maryland and (2) acts or omissions committed outside Maryland causing injury in Maryland.

(6) <u>All plans for loading, stowage, securing and lashing all cargo</u>.

For the proffer, see (4), above

(7) <u>All correspondence between the Vessel Defendants and their co-defendants Transatlantica Commodities Pte Ltd and Hanwin Shipping Limited concerning discharge orders and delays</u>.

The Vessel Defendants were obligated to discharge and deliver the cargo in Maryland within a reasonable amount of time. In fact, the Vessel was scheduled to arrive in Maryland around January 2022 but, as a consequence of a series of unreasonable deviations to other ports within the United States, it did not discharge in Maryland until July. Failure to deliver the cargo within a reasonable time is a wrongful act committed within the state and/or within the United States. While the ship's itinerary between February, when it arrived in United States waters, and July, when it finally discharged in Maryland, is known, the roles of the respective Vessel Defendants – and thus facts bearing on the jurisdiction over each so far as breach of contract and/or tort are concerned remains to be ascertained. This discovery should help establish the necessary facts.

(8) <u>All non-privileged investigations regarding the cause(s) of the cargo damage including but not limited to internal and external ISM (International Safety Management Code) audits and the ISM mandated past casualty investigation.</u>

For the proffer, see (5)-(7) above.

(9) <u>As to Nisshin, particularly, a listing of all of its customers who are located within Maryland and the United States as well as a</u>

<blockquote>

listing of all of the vessels that it manages that called in Maryland and the United States from August 1, 2020 to August 1, 2022.

This information goes to subsection (b)(4) of Maryland's Long Arm stature and the Federal Long Arm statute.

(10) As to Fleet Management, particularly, a listing of all of its customers who are located within Maryland and the United States as well as a listing of all of the vessels that it manages that called in Maryland and the United States from August 1, 2020 to August 1, 2022.

This information goes to subsection (b)(4) of Maryland's Long Arm stature and the Federal Long Arm statute.

(11)  Rule 30(b)(6) deposition from each of the three Vessel Defendants and/or the Declarants.

Such testimony may be necessary to supplement or otherwise explain responses to items (1) – (10) above.

</blockquote>

The Cargo Interests reserve the right to amend and supplement these requests and proffers as necessary.

## EXTENSION OF TIME

The Cargo Interests respectfully submit (assuming cooperation of the Vessel Defendants) that discovery could be completed within three months of the date of any order granting this motion.  Accordingly, the Cargo Interests further respectfully request that their time to oppose the Vessel Defendants' motion to dismiss should be extended until 30 days after the close of such limited discovery.[2]

---

[2] The Cargo Interests reached out to the Vessel Defendants' counsel before filing this motion for discovery and an extension, and the Vessel Defendants' counsel are still consulting with their clients.

## **CONCLUSION**

For the reasons stated above, the Court should (1) order limited discovery concerning the Vessel Defendants' motion to dismiss and (2) extend time for the Cargo Interests to oppose the motion.

                 Respectfully,

Dated: November 9, 2022
Baltimore, Maryland       */s/ Imran O. Shaukat*
                 James W. Bartlett, III, Esquire
                 Federal Bar Number 00017
                 Imran O. Shaukat, Esquire
                 Federal Bar Number 30134
                 Semmes, Bowen & Semmes
                 25 S. Charles Street, Suite 1400
                 Baltimore, Maryland 21201
                 Phone: (410) 539-5040
                 Facsimile: (410) 539-5223
                 jbartlett@semmes.com
                 ishaukat@semmes.com

                 *Attorneys for Plaintiffs Cargo Interests*

Of Counsel:
Robert E. O'Connor
Vincent M. DeOrchis
Alfred Kuffler
Wook Chung
Montgomery McCracken Walker & Rhoads LLP
437 Madison Avenue
New York, NY 10022
Tel: 212-867-9500
Fax: 212-599-5085