## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

HAWTHORNE INDUSTRIAL
PRODUCTS INC. *et al*,                          *

      Plaintiffs,                              *

      v.                                       *          **CIVIL NO. RDB-22-1376**

M/V TAC IMOLA *et al*                            *

      Defendants.                              *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### MEMORANDUM ORDER

This admiralty dispute concerns damage to wooden cargo onboard a vessel (M/V Tac Imola or "Vessel") during its voyage from Asia to the United States. (Amended Complaint, ECF No. 29.) Plaintiffs are comprised of the importer and beneficial owners of the damaged cargo at issue. *Id.* The Defendants chartered and sub-chartered the Vessel, and were "responsible for safely and properly loading, stowing, and securing all of the cargo on board the Vessel." *Id.* at 4. Among other pending motions, Plaintiffs have filed a Motion to Approve Prior Service (ECF No. 73) on certain Defendants. Defendants Ratu, Nisshin, and Fleet have since stipulated to waive formal service (ECF No. 77), and Plaintiffs' Motion now remains pending as to Defendant Hanwin only. Hanwin has failed to respond, and the Court has considered Plaintiffs' Motion. No hearing is necessary. Loc. R. 105.6 (D. Md. 2021). For the reasons briefly explained below, Plaintiffs' Motion (ECF No. 73) is GRANTED, and Plaintiffs may serve Defendant Hanwin upon its United States counsel as requested and in accordance with Federal Rule of Civil Procedure 4(f)(3).

Defendant Hanwin is a China-based company incorporated in England and Wales. (ECF No. 73-1 at 3.) Plaintiffs previously asked Hanwin's United States counsel to waive service of process on September 14, 2022, and counsel responded that it was not in a position to accept service at that time. *Id.* at 5. "Service of process on a foreign corporation can be accomplished by serving either (1) an agent of the corporation in the United States in accordance with forum state service of process rules … and the Due Process Clause of the United States Constitution; or (2) the corporation overseas in accordance with the Hague Service Convention." *U.S. ex rel. Walterspiel v. Bayer AG*, 639 F. App'x 164, 166 (4th Cir. 2016); Fed. R. Civ. P. 4(e)(1), (f), (h). Alternatively, by way of Federal Rule of Civil Procedure 4(h)(2), Federal Rule of Civil Procedure 4(f)(3) permits service upon a corporation "by other means not prohibited by international agreement, as the court orders." As this Court has previously noted, service under Rule 4(f)(3) must be "'reasonably calculated' to give notice to defendant." *Royalty Stat, LLC v. Intangible Spring Corp.*, No. CV PX 15-3940, 2017 WL 930129, at *2 (D. Md. Mar. 9, 2017) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Under the first avenue, Maryland law dictates that service "is made upon a corporation … by serving its resident agent, president, secretary, or treasurer." Md. R. 2-124(d). If the corporation has "no resident agent or if a good faith attempt to serve the resident agent, president, secretary, or treasurer has failed, service may be made by serving the manager, any director, vice president, assistant secretary, assistant treasurer, or other person expressly or impliedly authorized to receive service of process." *Id.* Under the second option, the United Kingdom is a member of the Hague Convention and "service of process by registered mail is permitted under Article 10(a) of the Hague Convention" if the State of designation does not

object. *Syncrude Canada Ltd. v. Highland Consulting Grp., Inc.*, 916 F. Supp. 2d 620, 626 (D. Md. 2013). Under the third means of service, "service upon domestically based attorneys is not prohibited by any applicable international agreement and so meets the requirements of Rule 4(f)(3)." *Royalty Stat, LLC*, 2017 WL 930129, at *3.

Plaintiffs request to serve Defendant Hanwin by mail and email through Hanwin's United States counsel under Rule 4(f)(3). (ECF No. 73-1 at 11.) Plaintiffs note that service on counsel is not prohibited by international agreement, but as Hanwin's United States Counsel is domestic, international agreement is inapplicable. (ECF No. 73-1 at 13.) Plaintiffs also rightly note that service on Hanwin's United States counsel is "reasonably calculated to give them actual notice" because counsel for Defendant Hanwin has "appeared and participated in this action and/or the other closely related actions."[1] *Id.* More specifically, Plaintiffs point to Defendant Hanwin's party declarations filed in the United States District Court for the District of Massachusetts to stand for the proposition that Hanwin is on notice of similar or related suits. *Id.* In sum, Plaintiffs contend that Defendant Hanwin is "in close communication with" its United States counsel who has "an ethical obligation to report service of process to their clients." *Id.* Given the number of related cases filed across the country, the Court is satisfied

---

[1] Plaintiffs note the following related cases:

> *Transatlantica Commodities Pte Ltd v. Hanwin Shipping Limited*, Case No. 22 civ. 3348 (D NJ filed June 1, 2022) (Hanwin appeared); … *Transatlantica Commodities Pte Ltd v. Hanwin Shipping Limited*, Case No. 22 Civ. 1983 (SD Tex filed June 17, 2022) (Hanwin appeared); *Hanwin Shipping Limited v. Transatlantica Commodities Pte Ltd*, Case No. 22 Civ. 11182 (D Mass filed July 22, 2022) (Hanwin appeared); *Transatlantica Commodities Pte Ltd v. Hanwin Shipping Limited*, Case No. 22 Civ. 2454 (ED La filed August 8, 2022) (Hanwin appeared); and *Hawthorne Industrial Products Inc v. Hanwin Shipping Limited*, Case No. 22 Civ. 2724 (ED La filed August 18, 2022) (Hanwin appeared).

(ECF No. 73-1 at 10 n.2.) Defendant Hanwin has also entered its appearance in consolidated member case *Transatlantica Commodities Pte Ltd. v. Hanwin Shipping Limited et al*, 22-cv-01275-RDB.

that service upon Defendant Hanwin's United States counsel is reasonably calculated to give notice to Defendant Hanwin.

Accordingly, IT IS this 5th day of January 2023, hereby ORDERED that Plaintiffs' Motion to Approve Prior Service (ECF No. 73) is **GRANTED**. Plaintiffs have thirty (30) days from the date of this Order to effectuate service upon Defendant Hanwin by mail and email upon "each of the ten attorneys from five law firms representing Hanwin" (ECF No. 73-1 at 11 n.2) in accordance with Fed. R. Civ. P. 4(f)(3). Plaintiffs are directed to file a notice with the Court once Defendant Hanwin has been so served.

_____/s/_____
Richard D. Bennett
United States District Judge