**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-1230

HAWTHORNE INDUSTRIAL PRODUCTS, INC., for its own Account as Consignee of Certain Cargo, and as Authorized Agent for Genesis Products Inc., Great Lakes Lamination, Great Lakes Forest Products, and Fusion Wood Products; GENESIS PRODUCTS INC.; GREAT LAKES LAMINATION; GREAT LAKES FOREST PRODUCTS; FUSION WOOD PRODUCTS,

      Plaintiffs – Appellees,

 v.

RATU SHIPPING CO. S.A., as claimant to the M/V TAC IMOLA, IMO No. 9932103 her engines, boilers, tackle, etc., in rem,

      Defendant – Appellant,

 and

M/V TAC IMOLA, IMO No. 9932103 her engines, boilers, tackle, etc.; NISSHIN SHIPPING COMPANY, LTD; FLEET MANAGEMENT, LTD-HKG; TRANSATLANTICA COMMODITIES PTE LTD.; HANWIN SHIPPING LIMITED; CARGO CARRIED IN HOLD 5 OF THE M/V TAC IMOLA, CONSISTING OF APPROXIMATELY 3572.437 MT OF PLYWOOD,

      Defendants,

 and

MASTER OF THE M/V INDIGO SPICA; MASTER OF THE M/V TAC IMOLA; FAR EAST AMERICAN, INC., W&W Pacific Holdings Inc.; TERMINAL SHIPPING COMPANY, INC.; CANTON MARITIME SERVICES, INC.; CANTON PORT SERVICES LLC,

      Garnishees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, Senior District Judge. (1:22–cv–01376–RDB)

Submitted: April 29, 2024             Decided: June 13, 2024

Before WYNN, HARRIS, and HEYTENS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

**ON BRIEF:** Don P. Murnane, Jr., Michael J. Dehart, J. Tanner Honea, FREEHILL HOGAN & MAHAR LLP, New York, New York; Constantine J. Themelis, BAKER, DONELSON, BEARMAN, CALDWILL & BERKOWITZ, PC, Baltimore, Maryland, for Appellant. Robert E. O'Connor, Alfred J. Kuffler, New York, New York, Robert E. Day, MONTGOMERY MCCRACKEN WALKER & RHOADS LLP, Philadelphia, Pennsylvania; James W. Bartlett, III, Imran O. Shaukat, SEMMES, BOWEN & SEMMES, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hawthorne Industrial Products Inc., Genesis Products Inc., Great Lakes Lamination, Great Lakes Forest Products, and Fusion Wood Products ("Plaintiffs") sued Ratu Shipping Co. S.A. ("Ratu Shipping"), the M/V Tac Imola ("the Vessel"), Nisshin Shipping Co. Ltd., Fleet Management Ltd-HKG, Transatlantica Commodities Pte. Ltd., and Hanwin Shipping Ltd. ("Hanwin"), alleging that fires onboard the Vessel damaged cargo in which Plaintiffs each possessed an interest.

The Vessel's owner, Ratu Shipping, entered a restricted appearance to defend the *in rem* claims against the Vessel. Ratu Shipping then moved to stay the litigation, arguing the claims were subject to a binding arbitration agreement that mandated arbitration in Hong Kong. The arbitration agreement to which Ratu Shipping pointed was contained in an agreement between Hanwin and nonparty Lianyungang Yuanti International Trade Co., Ltd. ("LYIT"). Even though Ratu Shipping was not a party to that agreement, it argued that the bills of lading that were issued when the Vessel set sail incorporated the agreement, including the arbitration clause. Plaintiffs responded that the agreement between Hanwin and LYIT was not properly incorporated into the bills of lading and that they had not agreed to arbitrate any disputes arising from their purchase of the relevant cargo.

The district court denied the motion without prejudice, *Hawthorne Indus. Prods., Inc. v. M/V Tac Imola*, 656 F. Supp. 3d 567, 574 (D. Md. 2023), and Ratu Shipping timely

3

appealed.[1] Because our decision in *Berkeley County School District v. Hub International Ltd.* requires a trial to resolve disputes over the making of an arbitration agreement, we now vacate and remand for further proceedings. *See Berkeley Cnty. Sch. Dist. v. Hub Int'l Ltd.*, 944 F.3d 225, 228 (4th Cir. 2019).

As relevant here, the Federal Arbitration Act, 9 U.S.C. § 4, provides that "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." Further, if a district court is "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Id.* However, "[i]f the making of the arbitration agreement . . . be in issue," then "the court shall proceed summarily to the trial thereof." *Id.*

In *Berkeley County School District*, we held that § 4 required us to vacate and remand an order denying a motion to compel arbitration because the district court did not hold a trial on the motion even though "genuine disputes of material fact exist[ed] regarding whether [the plaintiff] agreed to arbitrate the claims." *Berkeley Cnty. Sch. Dist.*, 944 F.3d at 235. We reached that conclusion even though "no party requested a trial on the

---

[1] We have jurisdiction under 9 U.S.C. § 16. *See Dillon v. BMO Harris Bank, N.A.*, 787 F.3d 707, 713 (4th Cir. 2015) (holding that 9 U.S.C. § 16 provides for jurisdiction over an interlocutory appeal from "an order that favors litigation over arbitration" (quoting *Rota-McLarty v. Santander Consumer USA, Inc.*, 700 F.3d 690, 696 (4th Cir. 2012))).

4

Arbitration Motion," because the failure to adhere to § 4's mandatory language constituted plain error. *Id.*

The same is true here. Rather than holding a trial on the motion to stay, the district court denied the motion because it was "unclear whether" the parties had agreed to arbitrate the claims. *Hawthorne Indus. Prods., Inc.*, 656 F. Supp. 3d at 572. In doing so, the district court recognized genuine disputes of material fact that existed regarding the making of the arbitration agreement, such as "whether the Booking Note is the intended [agreement] for incorporation." *Id.* Our review of the record reveals the existence of other such disputes of material fact, such as the identity of the entity that issued the bills of lading and the purpose of the reference number on the bills.

Because § 4 requires the district court to decide such disputes before ruling on the motion to stay,[2] we vacate the district court's order denying the motion and remand for a trial to determine whether the parties agreed to arbitrate the claims at issue in this case.[3]

---

[2] Although styled as a motion to stay pursuant to 9 U.S.C. § 3, rather than a motion to compel arbitration under § 4, Ratu's motion "evidence[d] a clear intention to seek enforcement of an arbitration clause" such that it was sufficient to "invoke the full spectrum of remedies under the [Federal Arbitration Act]." *Dillon*, 787 F.3d at 714 (first quoting *Rota-McLarty*, 700 F.3d at 698; and then quoting *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 710 (4th Cir. 2001)).

[3] No party requested a trial on the arbitration issue. But because the error in failing to adhere to § 4's required procedures is plain (particularly in light of *Berkeley County School District*), we exercise our discretion to consider the issue all the same. *See Berkeley Cnty. Sch. Dist.*, 944 F.3d at 235–36; *see also Curry v. Beatrice Pocahontas Coal Co.*, 67 F.3d 517, 522 n.8 (4th Cir. 1995); *United States v. Sineneng-Smith*, 590 U.S. 371, 376 (2020) ("The party presentation principle is supple, not ironclad.").

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*